CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

May 07 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SATISH APPALAKUTTY,<br><br>    Defendant. | CASE NO. CR 26-00221-BLF (NC)<br><br>VIOLATION:<br>18 U.S.C. § 1343 – Wire Fraud;<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>SAN JOSE |

INFORMATION

The United States Attorney charges:

Introductory Allegations

At all times relevant to this Information:

1.      Lorven Funds was a California corporation formed in 2016 that maintained its headquarters and operations in Santa Clara, California.

2.      Lorven Advisors LLC is a California corporation formed in 2021 that maintains its headquarters and operations in Santa Clara, California.

3.      The defendant, SATISH APPALAKUTTY, resides in Santa Clara county and is the founder, Chief Executive Officer (CEO), and operator of Lorven Funds and Lorven Advisors LLC (collectively, "Lorven").  APPALAKUTTY is also the founder and Chief Executive Officer (CEO) of

INFORMATION                                                    1

Vistalytics LLC, a technology company.

4.      APPALAKUTTY solicited investments and raised funds for Lorven from individual investors predominately located in Santa Clara county and other counties in Northern California.  The Lorven investors were generally APPALAKUTTY's acquaintances and people he met and knew through community relationships. APPALAKUTTY solicited investments and raised funds for Lorven by making material false representations that he would invest funds in low risk, high interest investment opportunities.

5.      From 2016 until 2024, APPALAKUTTY obtained more than $43 million in funds for investment in Lorven.

THE SCHEME TO DEFRAUD

6.      From a time unknown, but no later than 2016, and continuing through at least 2024, defendant APPALAKUTTY, executed a scheme to defraud Lorven investors. APPALAKUTTY obtained money from the defrauded victims for his own use, in part by falsely representing to them that he would use the funds for profitable investment opportunities through Lorven, and by concealing the true financial condition of Lorven, concealing that APPALAKUTTY used the funds for his own personal use, to fund operating expenses of his own company, Vistalytics LLC, or to pay back others who had previously invested money with or provided loans to Lorven.

7.      In furtherance of the scheme to defraud, APPALAKUTTY claimed and made it appear he was a successful investor who managed a large and profitable investment fund, when, in reality, he used investor money for his own use and to repay other investors. APPALAKUTTY told the victims that the Lorven investments were low risk and promised high rates of return. APPALAKUTTY told victims that he had access to specific and unique stock-related investment opportunities, including secondary public offerings ("SPOs") of publicly-traded stock and pre-initial public offering ("pre-IPO") transactions for stock in private companies not yet public which offered opportunities to buy stock at discounted prices. APPALAKUTTY also told victims that he would invest in debt-related investments and other profitable investment opportunities. In furtherance of the scheme to defraud, APPALAKUTTY represented to numerous victims that the funds were protected from devaluation by insurance policies. APPALAKUTTY's false representations about the use of funds and protection by insurance were often

INFORMATION                                    2

memorialized in promissory notes provided to investors.

8.    After agreeing to invest with APPALAKUTTY, APPALAKUTTY's victims would typically wire the money to a bank account controlled by APPALAKUTTY. APPALAKUTTY would then appropriate these assets for his own use, including to purchase a Tesla automobile and to pay balances on personal credit cards. APPALAKUTTY also used some of the investor funds in connection with the purchase of his house in Milpitas, including for the earnest money, a portion of the down payment, and mortgage payments. APPALAKUTTY also used the money to pay for operating expenses for Vistalytics. APPALAKUTTY also used money he obtained from victims to pay back earlier victims who had previously made investments, in a manner consistent with a Ponzi scheme.

9.    In furtherance of the scheme, APPALAKUTTY made false statements to investors regarding how he had used investor funds, the status, balance, and profitability of their investments, the timing of repayment, and the reasons why APPALAKUTTY was delayed in repaying investors.

10.    Having devised and intending to devise this scheme and artifice to defraud, and to obtain money and property from investors by means of false and fraudulent pretenses, representations, and promises, APPALAKUTTY transmitted and caused to be transmitted, by means of wire and interstate and foreign commerce, writings and other signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud as further alleged herein. These wire transmissions include wire transfers of funds between U.S. banks and email communications.

COUNT ONE:        (18 U.S.C. § 1343 – Wire Fraud)

11.    Paragraphs 1 through 10 of this Information are re-alleged and incorporated as if fully set forth here.

12.    Beginning on a date unknown, but no later than in or about 2016 and continuing through at least in or about 2024, in the Northern District of California and elsewhere, the defendant,

SATISH APPALAKUTTY,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

INFORMATION                                3

THE USE OF THE WIRES

On or about February 6, 2024, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendant did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, specifically, a wire transfer of $350,000 from an account held in the name of R.V. at U.S. Bank, in the Northern District of California, to a Lorven Advisors account held at Citibank, in the Northern District of California, transmitted in interstate commerce through the FedWire fund transfer system.

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION:    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction for any of the offense set forth in this Information, the defendant,

SATISH APPALAKUTTY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including:

    a.  9 Chysis Rd., Milpitas, California 95035

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

INFORMATION                4

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: ___May 6, 2026____          CRAIG H. MISSAKIAN
                                   United States Attorney


                                   /s/ Maya Karwande_____
                                   MAYA KARWANDE
                                   Assistant United States Attorney

INFORMATION                                    5